IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ARMANDO MEDINA,

    **Petitioner**

v.                                                              Civil No. 3:23cv538

WARDEN, FCI PETERSBURG LOW,

    **Respondent.**

### MEMORANDUM OPINION

Armando Medina, a federal inmate proceeding *pro se*, filed a 28 U.S.C. § 2241 petition ("§ 2241 Petition") challenging the manner in which the Bureau of Prisons ("BOP") has calculated his sentence.[1] (ECF No. 1.) Specifically, Mr. Medina argues that he "has not been credited for the time spent in Mexican custody in Mexico." (ECF No. 1, at 6.) Respondent has moved for summary judgment, *inter alia*, on the grounds that Mr. Medina has failed to exhaust his administrative remedies. Despite the provision of *Roseboro*[2] notice, Mr. Medina has not responded. As explained below, the Motion for Summary Judgment, (ECF No. 8), will be GRANTED and the § 2241 Petition, (ECF No. 1), will be DENIED.

### I. Standard for Summary Judgment

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is the responsibility of the party seeking summary judgment to inform the

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization and punctuation in the quotations from Mr. Medina's § 2241 Petition.

[2] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

Court of the basis for the motion, and to identify the parts of the record that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)).

In reviewing a summary judgment motion, the Court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). However, a mere scintilla of evidence will not preclude summary judgment. *Anderson*, 477 U.S. at 251 (citing *Improvement Co. v. Munson*, 81 U.S. (14 Wall.) 442, 448 (1872)). "'[T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party . . . upon whom the onus of proof is imposed.'" *Id.* (quoting *Munson*, 81 U.S. at 448). Additionally, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n.7 (5th Cir. 1992)); *see* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials . . . .").

In support of his Motion for Summary Judgment, Respondent submits: (1) the Declaration of Veronica Hodge, a Management Analyst, at the Designation and Sentence

Computation Center, in Grand Prairie, Texas, (ECF No. 9-1);[3] records from Mr. Medina's criminal proceedings in the United States District Court for the Southern District of Illinois, (ECF Nos. 9-2, 9-4, 9-6); BOP sentence calculation documents, (ECF Nos. 9-3, 9-7); a United States Marshal USM-129 Individual Custody/Detention Report, (ECF No. 9-5); and a log of Mr. Medina's administrative remedy requests, (ECF No. 9-8).

Mr. Medina did not respond to the Motion for Summary Judgment. Therefore, he has failed to cite to any evidence that he wishes the Court to consider in opposition. *See* Fed. R. Civ. P. 56(c)(3) (emphasizing that "[t]he court need consider only the cited materials" in deciding a motion for summary judgment). Mr. Medina did, however, swear to the contents of his § 2241 Petition. (ECF No. 1, at 8.)

In light of the foregoing principles and submissions, the following facts are established for the purposes of the Motion for Summary Judgment. All permissible inferences are drawn in favor of Mr. Medina.

## II. Undisputed Facts

### A. Facts Pertaining to Sentence Calculation

#### 1. Criminal Proceedings

On April 23, 2015, a grand jury sitting in the United States District Court for the Southern District of Illinois ("Sentencing Court") indicted Mr. Medina and other co-conspirators for conspiracy to distribute and possess with intent to distribute cocaine, methamphetamine, and marijuana. (ECF No. 9-2, at 3–4.) On December 6, 2015, unrelated to the charges in the Sentencing Court, Mexican officials arrested Mr. Medina following the discovery of a large quantity of cocaine and methamphetamine in his vehicle. (ECF No. 9-1 ¶ 6.) Mr. Medina remained in prison in Mexico until he was extradited and arrived in the United States on

---

[3] The Court omits any secondary citations from the Declaration of Veronica Hodge.

November 7, 2018. (ECF No. 9-1 ¶¶ 6–7.) Mr. Medina was held in the custody of the United States Marshal pending his trial. (ECF No. 9-1 ¶ 7.)

Mr. Medina pled guilty, and on November 19, 2019, the Sentencing Court imposed a 180-month term of imprisonment. (ECF No. 9-6, at 3–4.)

### 2. Calculation of Sentence

In accordance with the BOP Program Statement 5880.28, Sentence Computation Manual, and 18 U.S.C. § 3585(a)[4], the BOP prepared a sentence computation based on Mr. Medina's 180-month sentence imposed by the Sentencing Court. (ECF No. 9-1 ¶ 10.) The sentence computation began on November 22, 2019, the date that Mr. Medina was sentenced, and he was credited with 380 days of presentence credit, from November 7, 2018, the date Mr. Medina was extradited from Mexico and entered exclusive United States custody, through November 21, 2019, the day before his sentencing. (ECF No. 9-1 ¶ 10.) The BOP "determined that Mr. Medina's sentence should not be credited for the period he seeks, December 6, 2015, through

---

[4] That statute provides, in full:

> **(a) Commencement of sentence.**--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> **(b) Credit for prior custody.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> > **(1)** as a result of the offense for which the sentence was imposed; or
> >
> > **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.

4

November 6, 2018, as that period of time has already been credited against his sentence by the Sentencing Court." (ECF No. 9-1 ¶ 11.)[5]

### B. Facts Pertaining to Exhaustion

The BOP manages an Administrative Remedy Program "to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by first attempting to resolve the matter informally. *See* 28 C.F.R. § 542.13(a). If informal resolution is unsuccessful, the inmate must then submit "a formal written Administrative Remedy Request, on the appropriate form (BP–9)," 28 C.F.R. § 542.14(a), at his place of incarceration. *See* 28 C.F.R. § 542.14(d). "An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP–10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." 28 C.F.R. § 542.15(a).

Mr. Medina filed no administrative remedy requests through the BOP's Administrative Program concerning his request for credit against his sentence for time spent in the custody of Mexican authorities. (ECF No. 9-1 ¶ 6.)[6]

### III. Exhaustion of Administrative Remedies

"Exhaustion is an important doctrine in both administrative and habeas law . . . ." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). Prior to seeking judicial relief, an inmate filing a § 2241 Petition must properly exhaust his or her administrative remedies. *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) (citing *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629,

---

[5] In fashioning a sentence, the Sentencing Court subtracted 36 months for the time when Mr. Medina was held in Mexico on unrelated charges. (ECF No. 9-4, at 50–51.)

[6] Respondent notes that Mr. Medina filed several administrative remedy requests, but none related to his sentence computation, much less to his request for time-served in Mexican prison. (ECF No. 9, at 10; *see* ECF No. 9-8, at 4.)

5

634 (2d Cir. 2001); *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981)). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules," *Woodford*, 548 U.S. at 90, "'so that the agency addresses the issues on the merits.'" *Id.* (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). An inmate's failure to properly exhaust the administrative grievance process prior to filing his or her habeas petition may warrant dismissal of the petition. *See Timms v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010) (citation omitted) (internal quotation marks omitted) (noting courts require "exhaustion of alternative remedies before a prisoner can seek federal habeas relief"). The applicable prison rules "define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

The undisputed evidence demonstrates that Mr. Medina failed to properly exhaust his administrative remedies with respect to his claim for sentencing credit for time spent in Mexican prison. Mr. Medina offers no argument that would excuse his lack of exhaustion. At most, Mr. Medina contends that he "brought this issue to the attention of numerous BOP Staff but to no avail. I have called, wrote[] and email[ed] Grand Prairie, and numerous other BOP to staff to no avail. I also filed a motion in the Sentencing Court." (ECF No. 1, at 6.) However, the record reflects that Mr. Medina did not use the appropriate method for exhausting his administrative remedies. Accordingly, because Mr. Medina failed to exhaust his administrative remedies for this claim, the § 2241 Petition will be DENIED.

Accordingly, the Motion for Summary, (ECF No. 8), will be GRANTED. The Motion to Dismiss, (ECF No. 7), will be DENIED as moot. The § 2241 Petition, (ECF No. 1), will be DENIED. The action will be DISMISSED without prejudice.

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 6/14/2024  
Richmond, Virginia

/s/ M. Hannah Lauck  
United States District Judge

6